Kiggin *v.* Sharkey.

## M. L. KIGGIN *et als. v.* OWEN SHARKEY.

SUMMARY PROCEEDINGS. *Motion will not lie against Constable and his sureties—when.* A motion will not lie against a constable and his sureties for money collected by the constable on a note, the amount due upon which at the time of collection was above the jurisdiction of a justice of the peace, although the constable gave a receipt for the collection of the note in his official capacity.

FROM DAVIDSON

Appeal in error from the Law Court of Davidson county. J. C. GUILD, J.

---

---

CHAS. MORLEY for Kiggin.

B. F. SOUTH for Sharkey.

COOPER, J., delivered the opinion of the court.

Motion against a constable and his sureties, for money collected and not paid over, made before a justice of the peace, and carried by appeal to the Circuit Court. It was tried by the judge without a jury, and from his judgment in favor of the plaintiff, the defendants appealed in error.

The plaintiff below held a note payable to him for $500 borrowed money, dated August 23d, 1873, at twelve months, with interest from date. Two or three months after the note was executed, being about to go to California, he gave the note to defendant Kiggin to collect, taking his receipt as constable. The Circuit Judge found as a fact, and the weight of evidence sustains the finding, that Kiggin, on the 7th of September, 1874, collected $230 of the note, and paid to Sharkey $55. This motion was for the failure to pay over the residue of the money collected.

By statute, a motion lies before a justice of the peace, in favor of the party interested, against constables and their sureties, on the constable's official bond, "for any money collected or received by them upon any debt or demand cognizable before a justice of the peace," and put into the constable's hands for collection, "whether such money was received before or after the issuance of a warrant for such debt or demand, and with or without judgment or execution."

Kiggin *v.* Sharkey.

Code, sections 3600, 4167. At the time the collection in this case was made, the jurisdiction of justices of the peace over promissory notes was limited to $500. The amount due upon the note on which the collection was made, at the time of the receipt of the money, exceeded $530. The debt or demand was, therefore, not cognizable before a justice of the peace, and the motion would not lie. The object of the statute was to limit the liability of the sureties of a constable to collections made on claims within the jurisdiction of a justice of the peace, and which the constable could collect by virtue of his office. As to claims above a magistrate's jurisdiction, he can only act as the agent of the creditor, and not in his official capacity. *Commonwealth* v. *Sommers*, 3 Bush, 553.

The judgment below must be reversed, and a judgment rendered here in favor of the plaintiffs in error, with costs.